## DUNN v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

DAMAGES (§ 40*)—BREACH OF CONTRACT—LOSS OF PROFITS.

　　Plaintiff sent photographs to a number of newspapers, including defendant, as for sale at a stated price on condition that they were not to be published until notification. Defendant published the photographs before notification, and the other papers returned the other photographs without publication. Held, that he was not entitled to recover damages for loss of profits, as there was no evidence of any sales to other papers, or that the damages were fairly within the contemplation of the parties.

　　[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 75, 76; Dec. Dig. § 40.*]

　　Hirschberg, P. J., and Rich, J., dissent in part.

Appeal from Trial Term, Westchester County.

Action by Robert L. Dunn against the New York Herald Company. Appeal by defendant from a judgment for plaintiff and from an order denying a motion for a new trial. Reversed.

See, also, 133 App. Div. 929, 118 N. Y. Supp. 1104.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Robert W. Candler, for appellant.

Samuel E. Darby (Frank Trenholm, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

JENKS, J. The plaintiff made photographs of rooms in the executive mansion in Washington, D. C., to sell to newspapers and periodicals. They were made up in sets of 14 each. The plaintiff sold seven photographs to the defendant for $21, who published them. The plaintiff's grievance is that such publication was in violation of the agreement between the parties, which was that there should not be publication until after notification. He sued for and has recovered $2,000 damages upon the contention that he had sold some of the photographs to 100 other newspapers and periodicals, that the condition of every sale, as to publication, was like unto that of the sale to the defendant, so that upon notification to all every publication would be practically simultaneous. He asserts that, when the defendant published the photographs prematurely, the other purchasers refused to use the photographs, and threw them back upon his hands, to his total loss.

Assuming that the evidence justified a finding of breach of contract, there is no evidence that justified a finding for substantial damages. The testimony of the plaintiff shows that he sent various pictures to a number of newspapers and periodicals as for sale at a stated price for publication, and that they were subsequently returned to him without publication. But I fail to find sufficient proof of any sales to other newspapers or periodicals or of any contracts of sale with them. Admittedly the damages were for loss of profits, and hence it was essential for the plaintiff to show the right to reap profits, and this he has failed to do. Further, the plaintiff was not only bound to show that the damages sought to be recovered were certain not only in their nature and with respect to the cause thereof, but also that they were fairly within the contemplation of the parties when they made the contract (Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58, and authorities cited), and it seems to me that there was a failure of proof in this respect also.

The judgment and order should be reversed and a new trial be granted, costs to abide the event, unless the plaintiff consent to reduce the damages to six cents, in which case the judgment as modified and order are affirmed.

BURR and CARR, JJ., concur. HIRSCHBERG, P. J., and RICH, J., vote for affirmance.